IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

    Petitioner,                  No. CIV S-05-1509 FCD DAD P

    vs.

D.L. RUNNELS,

    Respondent.                FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. The petition pending in this case was filed on July 27, 2005. Petitioner seeks habeas relief with regard to a prison disciplinary conviction he suffered in 2004. An examination of the present petition and the court's records reveals that petitioner previously filed a nearly identical habeas corpus petition attacking the same 2004 disciplinary conviction on May 12, 2005. (See case No. Civ. S-05-0932 FCD KJM P).[1] That earlier filed habeas action is still pending.

/////

/////

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1   Federal law provides that "[a] claim presented in a second or successive habeas
2   corpus application under section 2254 that was presented in a prior application shall be dismissed."
3   28 U.S.C. § 2244(b)(1).

4   Any claim not presented in the prior application shall be dismissed unless –

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole , would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).[2]  Moreover, a petitioner who seeks to proceed on a second or successive habeas application "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Petitioner has failed to demonstrate that the claims set forth in this petition meet the standards set forth in 28 U.S.C. § 2244(b)(2).  Petitioner has not alleged or shown that the Court of Appeals for the Ninth Circuit has authorized the district court to consider his second habeas application attacking his 2004 prison disciplinary conviction.  The undersigned will therefore recommend that this action be dismissed as one presenting an unauthorized second or successive habeas corpus application.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 2244(b) as second or successive.

/////

---

[2]  To the extent the present petition alleges claims that have already been presented to the court in petitioner's first federal habeas corpus action it is also subject to dismissal.  In this regard, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3 after being served with these findings and recommendations, petitioner may file written objections
4 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5 and Recommendations."  Petitioner is advised that failure to file objections within the specified time
6 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7 1991).

8 DATED: April 7, 2006.

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12 DAD:4
reed1509.123